UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| **Sharon Harris**, | |
| Plaintiff, | Case No. |
| v. | |
| **Recovery Solutions Group, LLC A/K/A RSG Collect**, | Complaint and Demand for Jury Trial |
| Defendant. | |

## COMPLAINT

**Sharon Harris** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Recovery Solutions Group A/K/A RSG Collect** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has personal jurisdiction over Defendant because Defendant is a limited-liability company organized under the laws of the State of Delaware and because Defendant is a business entity with its principal place of business within the State of Delaware.

4. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

5. Plaintiff is a natural person residing in Middletown, Delaware 19709.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant can be served at its registered agent located at c/o Robert Sowers, 1008 Mattlind Way, Milford, DE, 19963.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6), who repeatedly contacted Plaintiff in an attempt to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10. Defendant repeatedly called Plaintiff on her cellular telephone seeking to collect an alleged debt related to a homeowner's association bill.

11. The alleged debt arose from transactions that were for personal, family or household purposes.

12. Desiring to stop these repetitive calls, Plaintiff spoke to Defendant's collector, Tiffany Scott, shortly after the calls first started and told her to stop calling.

13. Once Defendant was notified that the calls were unwanted and to stop calling, there was no lawful purpose to making additional calls, nor was there any good faith reason to place calls.

14. Further, any continued calls could only have been placed for the purpose of harassing Plaintiff.

15. However, Defendant ignored Plaintiff's request to cease calls and continued to call Plaintiff for several months thereafter.

16. Defendant's collector, Tiffany Scott, also copied third parties to email communications with Plaintiff, including aesdz08@yahoo.com and getthemgoing@yahoo.com, disclosing that Plaintiff had a debt. See Exhibit "A".

17. Plaintiff does not know any person with these email addresses and did not consent to Defendant communicating with these third parties.

18. Defendant's actions as described herein were taken with the intent to harass, upset and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

19. A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

20. A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

21. Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by repeatedly and continuously contacting Plaintiff on her cellular telephone excessively and continued to contact Plaintiff after it knew that its contacts were unwanted.

## COUNT II
## DEFENDANT VIOLATED §§1692c(b) OF THE FDCPA

22. A debt collector violates § 1692c(b) of the FDCPA by communicating with any

person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt.

23. Here, Defendant violated §1692c(b) when it communicated with two third parties in connection with the collection of a debt from Plaintiff.

WHEREFORE, Plaintiff, SHARON HARRIS, respectfully prays for a judgment as follows:

 a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

 b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

 c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

 d. Any other relief deemed appropriate by this Honorable Court.

 e.

**DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Sharon Harris**, demands a jury trial in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: June 20, 2019 | By:*/s/W.Christopher Componovo*<br>W. Christopher Componovo, Esq.<br>Attorney ID #3234<br>Kimmel & Silverman, P.C.<br>Silverside Carr Executive Center<br>Suite 118, 501 Silverside Road<br>Wilmington, DE 19809<br>Phone: 302-791-9373<br>Facsimile: 302-791-9476<br>Email: wcomponovo@lemonlaw.com |